**Michael H. MCGAUGHY,
Plaintiff–Appellant,**

v.

**Richard E. JOHNSON, Warden, et
al., Defendants–Appellees.**

**No. 02–1469.**

United States Court of Appeals,
Sixth Circuit.

March 19, 2003.

Before: MARTIN, Chief Judge;
KENNEDY and DAUGHTREY, Circuit
Judges.

*ORDER*

Michael H. McGaughy, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, McGaughy sued Richard E. Johnson, the then acting regional prison administrator for the Northern Regional Correctional Facility Administration, and Patricia Caruso, who subsequently became the regional prison administrator.

Following an administrative hearing on February 2, 1990, McGaughy was convicted of prison escape and staff assault. McGaughy received consecutive thirty day terms of punitive segregation for each conviction. At the end of the sixty day period, the security classification committee reclassified McGaughy to administrative segregation. Except for a mistake in September 1995, when McGaughy was housed in the general population for four days, McGaughy has remained in administrative segregation.

Despite repeated requests from the prison warden and the security classification committee that McGaughy be placed in the

general population, Johnson refused to release McGaughy into the general population. McGaughy filed a civil rights action contending that his due process rights were violated as he has been intentionally and arbitrarily denied his requests to be transferred to the general population and that his equal protection rights were violated as he is being treated differently from the other four prisoners who were involved in the escape. Upon de novo review of a magistrate judge's report, the district court granted summary judgment to the defendants.

■ In his timely appeal, McGaughy asserts that he is entitled to a meaningful hearing on his right to be released, that Johnson's actions have been arbitrary, that he has a liberty interest in being housed in the general population as the need for him to be in administrative segregation no longer exists, that he is entitled to equal protection, and that the defendants were not entitled to summary judgment.

The district court's judgment is reviewed de novo. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997).

The district court properly granted summary judgment to the defendants. As for McGaughy's allegations that he has a liberty interest in being in the prison's general population, the claim is barred by *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In *Sandin,* the Supreme Court abandoned its prior approach in determining whether state procedures created a liberty interest and held:

> Following *Wolff[v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ], we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while

not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 483–84 (citations omitted).

As McGaughy was simply placed in administrative segregation, the punishment did not impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Id.* at 484. Furthermore, contrary to McGaughy's assertion, he has no constitutional right to be returned to the general population. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Therefore, the district court did not err in dismissing McGaughy's complaint pursuant to *Sandin.*

■ McGaughy's equal protection argument also fails. McGaughy states that he is being treated differently from prisoners with similar records. The district court properly dismissed McGaughy's equal protection claim as McGaughy has not claimed that he is a member of a constitutionally protected class and that the defendants intentionally discriminated against him because of his membership in that protected class. *See Herron v. Harrison,* 203 F.3d 410, 417 (6th Cir.2000); *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir. 1990). Further, prisoners are not members of a protected class for equal protection purposes. *See Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir.1997).

Finally, McGaughy states that the defendants were not entitled to summary judgment. However, McGaughy's arguments do not entitle him to relief as a matter of law, and there is no genuine

issue of material fact which exists. Thus, the defendants were entitled to summary judgment. *See Smith,* 129 F.3d at 863.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.